GERTRUDE NEILITZ, Appellant, v. AUGUST NEILITZ, Respondent.— Motion for reargument, or in the alternative, for leave to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 282 App. Div. 1099.]

ALFRED ROSE, Respondent, v. RAYMOND DAVIS et al., Appellants. REGINALD L. HOWLAND, Respondent, v. ALFRED ROSE, Defendant, and RAYMOND DAVIS et al., Appellants. These are appeals from two judgments entered in these actions in favor of plaintiffs after a trial by jury in the Supreme Court, Ulster County. In the case of the plaintiff Alfred Rose the jury returned a verdict of $45,000; and in the case of the plaintiff Reginald L. Howland the jury returned a verdict of $15,000. A motion was made by defendants to set aside the verdicts on the ground, among others, that they were excessive. This motion was denied and the appeals herein are also from such order of denial. Each plaintiff sustained personal injuries as the result of an automobile accident which occurred October 30, 1951. The sole ground urged for reversal is the alleged excessiveness of the verdicts. The plaintiff Rose was the more critically injured of the two, and while his injuries were both serious and painful the proof indicates that he had an excellent recovery. He has been left with a residual toe injury commonly known as a " toe drop ", which sometimes causes difficulty in walking. His medical and hospital bills amounted to $1,842.90, and his other special damage the jury could find in the sum of $1,225. With all due consideration for plaintiff's injuries we think the verdict in his case was excessive. Plaintiff Howland's injuries were much less serious. He had a fracture of both bones of the left forearm, which ultimately required an open reduction and from which a good result was achieved. His medical and hospital bill amounted to $720.45, and the maximum of his other special damage would not exceed $400. We think the verdict in his case was also excessive. In the case of the plaintiff Alfred Rose the judgment and order are reversed on the facts, and a new trial ordered, with costs to abide the event; unless, within ten days after the entry and service of the order to be entered herein, the plaintiff stipulates to reduce the verdict to $35,000, in which event the judgment is so modified, and, as modified, is affirmed, without costs in this court, but with trial costs to plaintiff; and the appeal from the order denying a motion for a new trial is dismissed. In the case of the plaintiff Reginald L. Howland the judgment and order are reversed on the facts, and a new trial ordered, with costs to abide the event, unless, within ten days after the entry and service of the order to be entered herein, the plaintiff stipulates to reduce the verdict to $10,000, in which event the judgment is so modified, and, as modified, is affirmed, without costs in this court, but with trial costs to plaintiff; and the appeal from the order denying a motion for a new trial is dismissed. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.