GEORGE KAUP, Respondent, v. CRAWFORD TRUCKING COMPANY et al., Appellants.— This is an appeal from a judgment of the Supreme Court entered upon a jury verdict in Madison County and from the order denying defendants' motion to set the verdict of the jury aside as excessive. The jury returned a verdict in favor of the plaintiff for $75,000. An alleged error in the reception of evidence is inconsequential and is apparently so regarded by appellants. The only question is whether or not the verdict is excessive. Plaintiff was injured when his parked car in which he was seated was struck by a tractor-trailer in Chittenango, N. Y., on the 8th day of February, 1951. Liability was conceded at the trial, and the only issue tried was the amount of damages. Plaintiff drove his car to his home in Utica following the accident. On the way he experienced pain radiating down his legs. He went to work the following day, but also consulted a doctor on that day. It developed that plaintiff suffered a herniated intervertebral disk. He sustained no fractures. On February 23, 1952, an operation was performed for the removal of the disk. Following the operation it was apparent that a solid bone fusion had not been obtained. By wearing a medical support plaintiff is able to work, returning to work in June, 1952. Without an additional operation, the medical testimony is that plaintiff's condition will remain static and that he will be able to carry on his work with the aid of a support. If he has a further operation and a bone fusion is obtained, his disability will be removed except for some limitation of motion due to the fused vertebrae. His medical bill is $970, his hospital bill $820. With loss of earnings his total special damages are approximately $3,500. No doubt plaintiff suffered a great deal of severe pain and will undergo pain and inconvenience in the future, but for this type of injury we think a verdict of $75,000 is excessive. (Cf. *Rose* v. *Davis,* 283 App. Div 679.) The judgment and order are reversed on the facts, and a new trial ordered, with costs to abide the event, unless, within ten days after the entry and service of the order to be entered herein, the plaintiff stipulates to reduce the verdict to $50,000, in which event the judgment is so modified, and, as modified is affirmed, without costs in this court, but with trial costs to plaintiff. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

■

In the Matter of the Accounting of NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Executor of LILIAN G. MCCHESNEY, Deceased, Respondent. PETER M. CROUNSE et al., Appellants; LE ROY CROUNSE et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied, without costs. Foster, P. J., Bergan, Coon and Imrie, JJ., concur. [See 282 App. Div. 993.]

■

JOSEPHINE D. LA BARR, Respondent, v. MYRON C. LA BARR, Appellant.— Order resettled in accordance with memorandum (*ante,* p. 677). Present — Foster, P. J., Bergan, Coon and Imrie, JJ.

■

In the Matter of the Claim of ROSE RIEHL, Respondent, against TOWN OF AMHERST-DEPARTMENT OF HIGHWAYS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument, or in the alternative, for leave to appeal to the Court of Appeals denied, without costs. Foster, P. J., Bergan, Coon and Imrie, JJ., concur. [See *ante,* p. 196.]