■ A. GRANT CLARKE, Respondent, v. AMERICAN AIRLINES, INC., Appellant-Respondent and PORT OF NEW YORK AUTHORITY, Respondent-Appellant.— Action by an airplane passenger to recover damages for personal injuries alleged to have been received when he fell, while alighting from the airplane, on the defective and slippery pavement of the landing apron at La Guardia Airport. The action was brought against the Port of New York Authority, alleged to be the owner of the airport, in control and responsible for the maintenance thereof, and American Airlines, Inc., the lessee of that part of the airport where the accident happened and the owner of the airplane. Port Authority served a cross complaint for judgment over against American Airlines alleging active negligence on its part. Although its original answer did not include a cross complaint, by permission granted in an order dated July 29, 1955, American Airlines served an amended answer containing a cross complaint for judgment over against Port Authority, alleging breach of contract and active negligence on its part. The jury rendered a verdict for $36,000 in favor of the passenger against American Airlines and Port Authority, in favor of American on Port Authority's cross complaint, and in favor of Port Authority on American Airlines' cross complaint. American Airlines appeals, as limited by its brief, from the judgment entered thereon insofar as it is in favor of the passenger and insofar as it is in favor of Port Authority on the cross complaint of American Airlines, from a denial of its oral motion to set aside the verdict, and from an order dated February 20, 1957 denying its motion for a new trial, as between it and the passenger, on the ground, *inter alia,* of newly discovered evidence. Port Authority appeals, as limited by its brief, from so much of said judgment as is in favor of the passenger and insofar as it is in favor of American Airlines on Port Authority's cross complaint. Judgment insofar as it is in favor of Port Authority against American Airlines and in favor of American Airlines against Port Authority unanimously affirmed, without costs. Judgment insofar as it is in favor of the passenger against American Airlines and Port Authority reversed and a new trial granted on the issues raised by the complaint and the answers interposed thereto, exclusive of the cross complaints, with costs to abide the event, unless within 15 days after the entry of the order hereon said passenger stipulate to reduce the verdict in his favor to $25,000, in which event said judgment, insofar as it is in favor of said passenger as so reduced, is unanimously affirmed, without costs. Order dated February 20, 1957 unanimously affirmed, without costs. Appeal from denial of oral motion to set aside the verdict dismissed, without costs. In our opinion, the verdict in favor of respondent was excessive in view of the paucity of special damages established by the proof. While affording to the respondent credence of the painful nature of suffering from his pre-existing herniated disk, aggravated by his injuries from the instant accident, which healed without complication, it is our view that the jury unduly assessed appellants for a disability which concededly had existed for more than 10 years prior to the accident herein. Respondent's herniated disk in this case was not, as in *Kaup* v. *Crawford Trucking Co.* (283 App. Div. 838 [3d Dept.]), the proximate result of the accident involved in the action, nor does the proof show that respondent will suffer disabilities as extensive as did the plaintiff therein. Under the circumstances of this case, we find that $25,000 would be fair and just compensation to respondent. Under the charge to the jury, to which there was no exception, the issues as to whether either appellant was passively or actively negligent were submitted to the jury. We see no reason to disturb the jury's verdict with respect thereto. (*McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314,

328.) If it be assumed that it was error to admit. certain of the Port Authority's rules and to exclude others, nevertheless, under the circumstances of this case, we deem such admission and exclusion to be merely harmless error, since the substance of the rules was contained in the lease which was already in evidence, and pertinent proof had been developed by American Airlines as to its indisputable right to use the apron for servicing its aircraft. In addition, the learned trial court charged the jury, by reference to the lease, that American Airlines had the leasehold right to use the apron. We perceive no justification for the criticism of counsel for American Airlines by the learned trial court in apportioning blame for the misunderstanding which occurred over the admissibility of rule 88 (e) of the Authority's rules. Under the circumstances which developed, counsel for Port Authority was hardly blameless, since promises by his witness and himself, made on a Friday to produce on the following Monday an accurate copy of the rules in effect on the day of the accident, were inadvertently not fulfilled. However, in view of the harmless error that ensued, we have concluded that neither counsel is to be criticised for what occurred. No appeal lies from a denial of a motion, and no order denying said motion is printed in the record. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.