Herbert **BUTLER**, James Wilmoll, Richard Martelli, Bruce Roys, William Shiland, Harold Frederickson and Bruno Kapner, Plaintiffs-Appellees,

v.

**GENERAL MOTORS CORPORATION,** Defendant-Appellant.*

**No. 99, Docket 24236.**

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1956.

Decided Jan. 9, 1957.

Carter & Conboy, Albany, N. Y., for appellant. James Conboy, Albany, of counsel; John W. Cebula, Albany, N. Y., on the brief.

Harold J. Hughes, Albany, N. Y., for appellees in No. 99.

Murphy, Aldrich, Guy, Broderick & Simon, Troy, N. Y., for appellees in No. 100. Morris Simon, Troy, N. Y., of counsel; Bernard Simon, Troy, N. Y., on the brief.

John H. Spain, Troy, N. Y., for appellees in Nos. 101 and 102.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

Under the doctrine of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1150, L.R.A.1916F, 696, the appellant was held liable to each of ten plaintiffs

* Together with Nos. 100, 101 and 102 in which plaintiffs-appellees are, respectively, Howard J. Greenslet, Anson W. Kipp, and Alvah Webster.

for personal injuries sustained in an automobile accident caused, according to the jury's verdict, by a defect in the steering mechanism of a Chevrolet chassis truck manufactured by the defendant and purchased from a dealer in Hoosick Falls, New York, by one Richard Hanson on February 27, 1950. Hanson had a rack body constructed on the chassis and was using the truck to transport his employees to work when the accident occurred on June 6, 1950. Federal jurisdiction of the four actions brought by the plaintiffs, and tried together, rests on diversity of citizenship. The cases were submitted to the jury in a charge to which no exceptions were taken. The appellant contends (1) that its motion for a directed verdict should have been granted, (2) that errors were committed in the conduct of the trial, and (3) that the damages awarded four of the plaintiffs were grossly excessive.

■ These appeals are of importance to the parties but present no important questions of law. A detailed recital of the facts is unnecessary. The accident resulted from Hanson losing control of the truck while descending a hill. What caused him to lose control was the main contested issue. The plaintiffs' proof sought to establish that it was caused by negligence in the manufacture and inspection of the truck at the defendant's factory. Concededly an examination shortly after the accident disclosed that the threads of a nut and bolt forming part of the steering mechanism of the left front wheel had been stripped. An expert witness expressed the opinion that the stripping was due to cross threading in the process of assembly at the factory, and that this accounted for the "dancing motion," to which Hanson testified, shown by photographs of marks on the macadam road at the scene of the acci-

dent. The defendant sought to disprove negligence by evidence of its methods of manufacture and inspection, and contended that Hanson lost control because proceeding at an excessive speed. Plainly an issue of fact was presented for the jury. No error was committed in denying the motion for a directed verdict. Judge Foley's able opinion is reported in 143 F.Supp. 461.

■ That opinion also discusses the alleged errors in the conduct of the trial. Little need be added. As to the claim that the defendant was denied the right to read to the jury such part of the deposition of Joseph A. O'Kroy as the plaintiffs' counsel had not read, we note that at the conclusion of the colloquy on the subject, defendant's counsel withdrew his requests. App. 91a. We see nothing wrong with the hypothetical question addressed to Mr. Douttiel, and no unreasonable limitation in the cross-examination of plaintiff Webster. Denial of the motion to strike as speculative Dr. Mason's testimony that "there is a possibility paresis may develop," even if erroneous, is not sufficiently prejudicial to require a new trial. The Frederickson verdict finds ample support in other evidence. Dr. Nash's opinion testimony was based on his examination of Exhibit 6E and 6F, not on the exhibits which were withdrawn from the evidence. The trial was conducted most fairly and none of the alleged errors would justify a reversal.

■ Appellant's final contention is that the trial court abused its discretion in refusing a new trial on the ground of excessiveness of the verdicts awarded four of the plaintiffs.[1] Time and again this court has refused to reverse the denial of a new trial because of alleged excessiveness or inadequacy of the damages awarded by a jury.[2] Assuming

---

1. Greenslet was awarded $200,000 reduced by remittitur to $160,000, see 143 F.Supp. 461, 463–4; Webster, $50,000; Frederickson, $30,000; Kipp, $30,000.

2. For example, Miller v. Maryland Casualty Co., 2 Cir., 40 F.2d 463; Powers v. Wilson, 2 Cir., 110 F.2d 960; Stornelli v. United States Gypsum Co., 2 Cir., 134 F.2d 461, certiorari denied 319 U.S. 760, 63 S.Ct. 1317, 87 L.Ed. 1712; Stevenson v. Hearst Consol. Publications, 2 Cir., 214 F.2d 902, 910, certiorari denied 348 U.S. 874, 75 S.Ct. 110, 99 L.Ed. 688.

without decision that we might depart from the rule if the award were sufficiently "monstrous,"—see Affolder v. N. Y., C. & St. L. R. Co., 339 U.S. 96, 101, 70 S.Ct. 509, 94 L.Ed. 683—there is no occasion to do so here.

Judgments affirmed.