**Arthur J. FERGUSON, Plaintiff-Appellee,**

v.

**Alice POST, Defendant-Appellant.**

**No. 78, Docket 24141.**

United States Court of Appeals Second Circuit.

Argued Jan. 7, 1957.

Decided April 11, 1957.

Anthony J. Caputo, New York City (James H. Saunders, Walden, N. Y., of counsel), for plaintiff-appellee.

Thomas F. Peterson, New York City, (Saul Roth, New York City, of counsel), for defendant-appellant.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

On February 4, 1954 plaintiff was operating his employer's truck and defendant-appellant her automobile in a westerly direction along highway Route No. 3 in North Hackensack, New Jersey. The vehicles proceeded side by side in separate lanes until the left front side of plaintiff's truck and the right rear fender of defendant's automobile collided. Plaintiff was thrown forward, his head shattered the truck window, he was briefly unconscious, his right wrist was fractured in three places, his kneecap was injured, he suffered severe pain in his neck. His wrist was set and a cast placed from elbow to fingertips. From that date un-

til July 13, 1954 he developed severe headaches, occasionally complained of double vision, on one occasion bled from the ear and eyes for three days, had limited neck movements due to pain, was hospitalized from February 4 to February 8 and again from April 7 to May 11. On April 5 he attempted to resume his work as a truck driver, but on the third day of work he commenced to get severe pains, saw cars coming at him two or three at a time, and collapsed. Upon being rehospitalized he was placed in traction on his back with his head in 4 and 6 pound weights for a month.

He returned to work in July 1954 and at the time of trial he was working as a gas station attendant at a weekly wage approximately one third less than he received as a truckdriver. He testified to having occasional sharp series of pains in his neck and head and limitation of neck and head movement, and to having seen double as recently as two and one half months before trial. His wrist was stiff and painful and its limited movement and functional inadequacy was demonstrated by him at the trial.

He submitted a total of $5,929.02 as his special damages up to date of trial for loss of wages, and his incurred medical, surgical and hospital bills. The trial court awarded judgment for plaintiff for $17,500. Defendant appeals on grounds that the finding of liability is contrary to the weight of the credible evidence; that the assessment of damages is not supportable from the competent and properly admitted evidence; and that the award is excessive.

In his memorandum opinion at the close of the trial, the judge evaluated the evidence with respect to the accident and the credibility of the plaintiff. He found the defendant guilty of negligence and the plaintiff free from contributory negligence. The record does not support a claim that these findings are clearly erroneous, and we shall not set them aside. See Federal Rules of Civil Procedure 52 (a), 28 U.S.C.A.

On the issue of damages, the court, in addition to having the plaintiff's own testimony as to his pain and suffering, had the benefit of the records of the plaintiff's compensation insurance carrier voluntarily handed to the judge by defendant's counsel, and the hospital record covering the period April 7—May 11. He observed the impaired usefulness of plaintiff's wrist. Nothing appears from his memorandum opinion with respect to the award of damages that indicates to us that any portion of the award was based upon hearsay or speculation. In a trial without a jury, it will be presumed, absent a clear showing to the contrary, that the trial court relied only on proper evidence in reaching its conclusions. United States v. 6.87 Acres of Land, 2 Cir., 1945, 147 F.2d 351, 353; Thompson v. Baltimore & O. R. Co., 8 Cir., 1946, 155 F.2d 767, certiorari denied, 329 U.S. 762, 67 S.Ct. 122, 91 L.Ed. 657; Seber v. Thomas, 10 Cir., 1940, 108 F.2d 856. Nor does the amount of the total award, having in mind that more than one-third of it constitutes unchallenged specific items, appear to us to be either outrageously excessive or of such a character as to shock the conscience. See Butler v. General Motors Corp., 2 Cir., 1957, 240 F.2d 92 at page 93–94.

Affirmed.