Amalia **VARVERIS**, as Administratrix of the Goods, Chattels and Credits of John Varveris, deceased, Plaintiff-Appellant,

v.

**UNITED STATES LINES COMPANY,** Defendant-Appellee.

**No. 45, Docket 24617.**

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1957.

Decided Nov. 4, 1957.

See also D.C.S.D.N.Y., 141 F.Supp. 874.

Sydney B. Schlessel, New York City, for plaintiff-appellant.

Walter X. Connor, of Kirlin, Campbell & Keating, New York City (James L. Hurley and Vernon S. Jones, of Kirlin,

Campbell & Keating, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and LUMBARD and MOORE, Circuit Judges.

CLARK, Chief Judge.

Plaintiff's intestate, John Varveris, sued under the Jones Act, 46 U.S.C. § 688, for injuries sustained on June 30, 1952, while serving as a boatswain aboard defendant's ship and for maintenance and cure. Upon Varveris' death his widow and administratrix, as substituted plaintiff, amended the complaint to seek damages for his wrongful death. The accident occurred when Varveris slipped on the deck while engaged in raising the booms of the ship preparatory to entering port, thus fracturing his fifth metatarsal bone. Varveris testified at a pre-trial examination that he slipped on grease which came from the heel block on the starboard boom located directly over the spot where the accident occurred.

Varveris received treatment on July 2, 1952, at the United States Public Health Service Clinic in New York and his foot was placed in a cast. On July 23, 1952, he felt a severe chest pain and at the direction of persons in the Clinic went to the Staten Island Marine Hospital for treatment. There doctors found that he had developed thrombophlebitis in his injured leg, and they diagnosed his chest pains as possible pulmonary infarcts. An operation to correct the leg condition followed, and later X rays indicated the absence of infarcts. Varveris left the hospital on August 22, 1952. He was readmitted in September, again complaining about leg and chest pains, and after treatment was discharged. He continued to receive outpatient treatment until March 1953. On January 9, 1954, more than one and a half years after the accident, he died suddenly of a coronary occlusion. Plaintiff's doctor testified that the coronary resulted from a pulmonary embolism or infarct caused by the thrombophlebitis in the injured leg. He stated that the phlebitis resulted from the tight cast placed on Varveris' leg after the accident. Defendant's doctor did not dispute that the thrombophlebitis was caused by the fracture. He testified, however, that the thrombophlebitis did not produce infarcts which caused Varveris' death.

The negligence count, tried to the jury after the court below denied defendant's motion for a directed verdict, resulted in a verdict and judgment of $2,000 for plaintiff. Both parties appeal.[1] Defendant contends that there was no proof of negligence. Plaintiff maintains that the verdict is grossly inadequate and that the court below erred in refusing to amplify its charge to the jury as requested by plaintiff.

Neither appeal is well taken. Referring to defendant's appeal the jury could have found from the evidence that Varveris slipped on grease which dripped from the heel block. It could also have found that the ship's carpenter carelessly greased the block the day before the accident, so that grease was discharged as soon as the booms moved. As we have said as recently as Livanos v. National Bulk Carriers, Inc., 2 Cir., 248 F.2d 815, the test properly applicable here was that stated in Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493, and reiterated in Ferguson v. Moore-McCormack Lines, 352 U.S. 521, 523, 77 S.Ct. 459, 1 L.Ed.2d 515, as follows:

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought."

On plaintiff's appeal she maintains that the court below inadequately charged the jury concerning the scope of defendant's liability for Varveris'

1. Not in issue here is an additional award by the court of $56 for maintenance and cure supplementing payments by defendant from June 30, 1952, to December 17, 1952.

death. The court reviewed the doctors' testimony and told the jury:

"If you find that the deceased was in fact injured by reason of the defendant's negligence or a combination of his own and the defendant's negligence, your next question is whether the negligence of the defendant was the proximate cause of the fracture of the bone in his foot. If it was, your next question is did the negligence of the defendant proximately cause his death. In other words, was the defendant's negligence a substantial factor in bringing about death?

"In my opinion, you have two very important questions: was the defendant negligent, and, two, was the negligence of the shipowner the proximate cause of the decedent's injury and death or either of them."

Plaintiff's counsel orally asked that this charge be amplified as follows:

"If the defendant was guilty of negligence, as defined by the Court, causing a condition requiring medical care, even if such care was not proper and/or caused further damage, the defendant, having set up the chain, is responsible for all damages directly following the original injury, if they can be found by believable evidence to be connected therewith."

The court interpreted this "amplification" as a request to charge and denied plaintiff's application. That part which relates to malpractice is not founded on evidence presented at the trial. Shorn of this, plaintiff's request, if timely,[2] was sufficiently and appropriately covered in the charge which referred to all damages proximately resulting from the alleged negligence.

Plaintiff's other contention is that the court below erred in refusing a new trial on the grounds that the verdict was grossly inadequate. As this court said in Butler v. General Motors Corp., 2 Cir., 240 F.2d 92, 93, 94: "Time and again this court has refused to reverse the denial of a new trial because of alleged excessiveness or inadequacy of the damages awarded by a jury. Assuming without decision that we might depart from the rule if the award were sufficiently 'monstrous,'—see Affolder v. N. Y., C. & St. L. R. Co., 339 U.S. 96, 101, 70 S. Ct. 509, 94 L.Ed. 683—there is no occasion to do so here." Here the jury obviously rejected plaintiff's evidence that Varveris' coronary resulted from infarcts caused by the fracture. In the light of this the verdict was not inadequate.

Judgment affirmed.

2. The court questioned the delay, since the request was not submitted prior to the charge as the court had requested (and see F.R.Civ.P., rule 51). Plaintiff had submitted three timely written requests which the court incorporated into its charge as given.