Alexander **BUTWINSKI**, Plaintiff-Appellee,

v.

**PENNSYLVANIA RAILROAD COMPANY**, Defendant-Appellant.

No. 75, Docket 24670.

United States Court of Appeals Second Circuit.

Argued Nov. 15, 1957.

Decided Dec. 2, 1957.

---

der the Jones Act, 46 U.S.C. § 688; (2) the court improperly confused unseaworthiness and negligence in its charge; (3) the court abused its discretion in permitting plaintiff's doctor to be recalled as a witness; (4) there was insufficient probative evidence upon which to calculate loss of future earnings; and (5) the verdict was excessive.

█ We find no merit in any of defendant's contentions. Recovery of medical expenses in a Jones Act case is not prohibited as long as plaintiff is not permitted an additional recovery for the same expenses under a count for maintenance and cure. Here the trial court dismissed the count for maintenance and cure, thus obviating any possibility of double recovery. Plaintiff alleged that defendant's negligence caused his injuries. Although a portion of the court's charge to the jury might have been interpreted to mean that defendant was liable if it failed to furnish plaintiff a reasonably safe place to work, the judge went on to tell the jury not to infer that there was anything on board the vessel which was unsafe, that "the case was not tried on that theory," and that plaintiff must prove that the accident and his injuries were caused by carelessness and negligence of the defendant. The total effect of the charge was fair to defendant. The court did not abuse its discretion in allowing plaintiff to recall his doctor as a witness; indeed, had it refused, it might have been in error in view of the nature of the testimony. Plaintiff's medical testimony provided sufficient grounds for the jury to conclude that his earning capacity had been permanently impaired. The extent of these injuries with psychiatric consequences may appear inflated, but certainly the verdict is not excessive on the record presented. Affolder v. New York, C. & St. L. R. Co., 339 U.S. 96, 70 S.Ct. 509, 94 L.Ed. 683; Frasier v. Public Service Interstate Transp. Co., 2 Cir., 244 F.2d 668; Ferguson v. Post, 2 Cir., 243 F.2d 144; Butler v. General Motors Corp., 2 Cir., 240 F.2d 92.

Judgment affirmed.

Herbert J. Kaplow, of Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant-appellant.

Jacob D. Fuchsberg, New York City (Herman & Herman and B. Hoffman Miller, New York City, on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and LEIBELL, District Judge.

## PER CURIAM.

The jury awarded plaintiff $75,000 for injuries he sustained in a collision while serving as a floatman aboard defendant's tug. Defendant seeks a new trial on the following grounds: (1) Medical expenses included in the verdict were not recoverable in an action brought un-