Robert ORTIZ, Plaintiff-Appellee,

v.

GRACE LINE, Inc., Defendant-Appellant.

No. 66, Docket 24629.

United States Court of Appeals Second Circuit.

Argued Nov. 13, 14, 1957.

Decided Dec. 2, 1957.

Thomas Coyne, of Kirlin, Campbell & Keating, New York City (Vernon S. Jones, of Kirlin, Campbell & Keating, New York City, on the brief), for defendant-appellant.

Robert Klonsky, of Klonsky & Steinman, New York City (Herman N. Rabson, New York City, and DiCostanzo & Klonsky, Brooklyn, N. Y., on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and LEIBELL, District Judge.

## PER CURIAM.

■ This is an appeal from a jury verdict in a personal injury action brought for negligence under the Jones Act, 46 U.S.C. § 688, and unseaworthiness. Ortiz, a seaman on defendant's ship, injured his back when he fell into a bilge while carrying out orders of the Junior Engineer. Then he aggravated this injury on a subsequent voyage aboard the same ship. His claims were not differentiated in either the complaint or the charge or the answers to interrogatories. Under present-day law, negligence and unseaworthiness may well be only fair alternatives on the record as presented, with both available as bases for recovery. Here defendant did not seek separate verdicts or answers as to each charge, and evidence on either ground was sufficient to present a jury issue. The verdict, while large, could not be considered excessive on the record.

Affolder v. New York, C. & St. L. R. Co., 339 U.S. 96, 70 S.Ct. 509, 94 L.Ed. 683; Frasier v. Public Service Interstate Transp. Co., 2 Cir., 244 F.2d 668; Ferguson v. Post, 2 Cir., 243 F.2d 144; Butler v. General Motors Corp., 2 Cir., 240 F.2d 92; DeParcq & Wright, Damages under the Federal Employers' Liability Act, 17 Ohio St.L.J. 430 (1956).

■ The cross-appeals on maintenance and cure are without merit. The trial court in its charge to the jury included, as proper damages for negligence and unseaworthiness, damages ordinarily recoverable for maintenance and cure. A verdict on the first count, therefore, precluded recovery for the same damages on the claim for maintenance and cure; and the trial court properly allowed only alternative recovery.

Judgment affirmed.