Francisco **RODRIGUEZ**, Plaintiff-Appellee,

v.

The **TEXAS COMPANY**, Defendant-Appellant.

No. 184, Docket 24833.

United States Court of Appeals Second Circuit.

Argued March 4, 1958.

Decided April 23, 1958.

Mack Kreindler, New York City (Benjamin Glickman, New York City, on the brief), for plaintiff-appellee, Francisco Rodriguez.

Arthur M. Boal, New York City (Arthur M. Boal, Jr., Tompkins, Boal & McQuade, New York City, on the brief), for defendant-appellant, the Texas Co.

Before LUMBARD, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of $1,750 entered in a personal injury action brought for negligence under the Jones Act, 46 U.S.C.A. § 688, and unseaworthiness. On August 24, 1955 the plaintiff Rodriguez, while performing his duties as a wiper on defendant's tanker, the SS "North Dakota," slipped on some oil which was present on a platform in the engine room, fell and injured his elbow. The defendant's motion for a directed verdict was denied; the jury returned a verdict for the plaintiff of $2,000, and after verdict, upon the motion to set aside, the plaintiff accepted a reduction to $1,750.

That the entire case rested exclusively upon the testimony of Rodriguez does not, contrary to defendant's intimation, entitle it to a directed verdict. From this testimony the jury could have found that the oil was leaking from a

turbine casing onto the platform where the plaintiff was working. This was sufficient to raise an inference of unseaworthiness or negligence. Varveris v. United States Lines Co., 2 Cir., 1957, 249 F.2d 89. The fact that plaintiff was charged with maintaining the platform in a clean condition and the question of whether or not he should have noticed the presence of the oil on the platform, while issues to be considered by the jury in determining the plaintiff's contributory negligence, if any, did not destroy the prima facie case.

■ The court in its charge on special damages made reference to the services of the plaintiff's medical expert witness. Although these services should not have been mentioned, the error did not seriously prejudice the defendant because the court immediately after this single allusion correctly instructed the jury as to the allowance of special damages.

The judgment is affirmed.