George D. PATTERSON, District Director of Internal Revenue for the State of Alabama, Appellant,

v.

McWANE CAST IRON PIPE COMPANY, Appellee.

No. 20818.

United States Court of Appeals Fifth Circuit.

May 13, 1964.

**922**

Macon L. Weaver, U. S. Atty., Birmingham, Ala., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Jonathan Cohen, Attys., Louis F. Oberdorfer, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., E. Ray Acton, Asst. U. S. Atty., of counsel, for appellant.

Leigh M. Clark, Meade Whitaker, Birmingham, Ala., Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., of counsel, for appellee.

Before BELL, Circuit Judge, and IN-GRAHAM,* District Judge.

INGRAHAM, District Judge:

McWane Cast Iron Pipe Company (hereinafter referred to as taxpayer) filed a claim for refund of taxes paid covering taxable years 1956 and 1957. The District Director of Internal Revenue for the State of Alabama, by statutory notice of deficiency, had disallowed as deductions the amounts paid to two of the officers of taxpayer as compensation, and had fixed a maximum reasonable compensation to which the two officers were entitled. The taxpayer had subsequently paid the deficiencies determined against it, together with the interest thereon. The claim for refund was denied and taxpayer brought suit in the district court. After trial, the jury concluded that the entire compensation which the taxpayer paid to the two officers during the years in question was reasonable in amount, and the court entered judgment accordingly.

At the trial counsel brought out these facts: The two officers served both the taxpayer and Pacific States Cast Iron Pipe Company, a wholly owned subsidiary of taxpayer, in chief executive capacities. During the taxable years both men performed services for both corporations and were compensated by both. Each received a base salary plus a percentage of the net profits, referred to in the record as "incentive plan" and "executive compensation plan". Incentive in business has long been recognized. Neither man, however, could even estimate how much of his time was spent on the affairs of the subsidiary. Government counsel attempted to introduce evidence showing the amount of compensation paid to the executives by the subsidiary. The court excluded such evidence—either by way of oral testimony or in the form of answers to interrogatories. It is that exclusion which forms the basis of this appeal.

Appellant moved to supplement the record before this court by introducing the answers to the interrogatories which were excluded below. But such information is not needed to determine the issue on appeal. The record shows both the nature of the excluded evidence and for what purpose the proponent wished it to be admitted. We are aware that this would disclose the amount of remuneration paid to the two officers by the subsidiary, and it is clear that the appellant wished to use such evidence so that the jury might estimate the time spent by

* Judge Cameron, the third judge constituting the Court originally hearing this case, died after argument but before decision. Consequently, this decision and opinion is rendered by a quorum pursuant to Title 28 U.S.C.A. § 46(c) and (d).

the two officers on the affairs of the taxpayer corporation. This is sufficient information on which to dispose of the appeal. We therefore deny the motion to supplement the record.

The government urges that the excluded evidence was highly relevant and material in establishing whether the compensation paid by taxpayer was reasonable. The argument is that since the executives could not testify as to the amount of time spent on the affairs of each corporation, the compensation paid by the subsidiary would afford some basis for allocating the time between the two. We cannot agree. Such evidence is neither relevant nor material. It is well accepted in the business world that an executive's salary is not dependent upon the amount of time spent on the job. An executive may do some of his most creative work while relaxing at home. This was taken into account by the trial judge when he charged the jury, "an executive charged with the responsibility for producing results doesn't count the hours in which he performs his duties and his functions." And it should be noted that no exception was taken to this part of the charge.

The evidence as to the compensation paid by the subsidiary is neither relevant nor material in determining the reasonableness of the compensation paid by the taxpayer. The jury was aware that the two officers were holding other positions, and this was a sufficient indication that their services for taxpayer were only part time. No further light would have been shed on the real issue by the evidence which was excluded, and the trial judge, therefore, did not abuse his discretion by refusing to allow the evidence to be introduced. It is fully within the discretion of the trial court to exclude evidence relating to collateral issues. Jayson v. United States, 294 F.2d 808 (5th Cir. 1961); Vareltzis v. Luckenbach Steamship Co., 258 F.2d 78 (2d Cir. 1958).

The judgment is affirmed.