ZURICH INSURANCE COMPANY and Atlantic Mutual Insurance Company, foreign corporations, Plaintiffs and Appellants,

v.

FISHER CONTRACTING COMPANY, a Michigan corporation, Defendant and Appellee.

No. 16866.

United States Court of Appeals Sixth Circuit.

Jan. 20, 1967.

Laurence D. Smith, Grand Rapids, Mich., for appellants, Schmidt, Smith, Howlett & Halliday, Grand Rapids, Mich., on the brief.

Herbert H. Edwards, Midland, Mich., for appellee, Sinclair & Edwards, Midland, Mich., on the brief.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an entry of judgment, after a trial without a jury, in favor of defendant-appellee, Fisher Contracting Company, by the United States District Court for the Eastern District of Michigan, Northern Division. The plaintiffs-appellants, Zurich Insurance Company and Atlantic Mutual In-

surance Company, are subrogees of their insured, Knapp-Stiles, Inc., the prime contractor of a housing project at Kincheloe Air Force Base, Chippewa County, Michigan. The parties will be referred to as plaintiffs and defendant, as they were in the District Court. Plaintiffs brought this suit against the defendant, the sub-contractor who installed the gas system in the project, to recover the sum paid to their insured for damages caused by an explosion in one of the units under construction.

Based upon stipulations of counsel and uncontradicted testimony, the pertinent facts are as follows: On September 22, 1961, at approximately 12:15 p.m., an explosion caused by the accidental ignition of escaping propane gas by a cigarette lighter, wrecked unit F–24 which was 90–95% completed. The defendant was under contract to install the gas mains and service lines in the project. The service line which supplied F–24 with its gas, was directly connected to the central gas main by a curb stop, which was admittedly open at the time of the explosion, permitting gas to enter the service line. In the basement of F–24, at the terminus of the service line, was a stop-cock, which would supply gas to the various appliances when connected. No appliances were connected to the system on September 22nd.

The system was found satisfactory several weeks prior to the explosion. Furthermore, an air pressure test conducted one or two days prior to the incident determined that there were no leaks in the system. If the stop-cock had been open, it would have been detected during this test. Gas was being introduced into unit F–24 so that the heating system could be put into operation to eliminate the consequences of inclement weather and moisture conditions. To accomplish this result, the curb stop had to be open. The appellants' claim, therefore, that the defendant was negligent in leaving the curb stop open is without merit.

Gas was introduced into the system somewhere between 9:30 and 10 a. m. on September 22, 1961. Mr. Dahnke, the project manager and chief representative of Knapp-Stiles, visited F–24 from 11 to 11:20 a. m. He noticed twenty or more men present in the unit. In the basement a plumber was working with a lighted plumber's fire pot. Mr. Dahnke got within five or six feet of the stop-cock but heard no hissing of escaping gas nor smelled the peculiar odorant contained in propane gas. After the explosion, the stop-cock was found in a fully open position. It was also determined that the plumber's pot was not lighted at the time of the explosion. The testimony indicated that the stop-cock could not be opened by hand, but only by a wrench.

■■ Plaintiffs assign as error the admission into evidence of Mr. Dahnke's testimony concerning the labor friction which existed on the job site involving a conflict over layoffs of local and out-of-town employees. The court properly admitted that testimony and held that such testimony was material to an understanding of the case. The decision to admit or reject evidence, where an issue exists as to its materiality, is primarily discretionary with the court and will not be reversed unless a clear abuse of such discretion is shown. Beaty Shopping Center, Inc. v. Monarch Ins. Co. of Ohio, 315 F.2d 467 (C.A. 4); Patterson v. McWane Cast Iron Pipe Company, 331 F.2d 921 (C.A. 5). Only three people were in the building when it exploded, and two of these were not local people. Mr. Dahnke testified that it was most unusual, it being lunch hour, for such a small number of persons to be present in the building. Usually a good number of employees ate their lunch where they worked, and there were over twenty employees present only an hour earlier. Inasmuch as the defendant's answer asserted that an unknown third person opened the stop-cock, it was proper for the trial court to consider any evidence, including labor strife, which threw light on the subject.

Based on these facts, the court found that the defendant was not negligent in not conducting a further inspection of the gas system in F–24 immediately prior to its activation, and that even if such an inspection were made, it would have revealed that the stop-cock was in a closed position. The court also found that the stop-cock was opened by an unknown person after gas was introduced into the system, and that any connection between the defendant's alleged failure to inspect prior to activation and the subsequent explosion was tenuous and not proximate enough to sustain a finding in favor of the plaintiffs.

A reviewing court is bound by a trial court's findings of fact which may not be set aside unless clearly erroneous. Rule 52(a), F.R.Civ.P. Upon a review of all the evidence in this case, we are of the opinion that the trial judge was justified in concluding that the explosion was not caused by the negligence of the defendant. A complete air pressure test of the system two days prior to the explosion indicated that the stop-cock in the basement was closed and there was no leakage in the system. If the stop-cock had been open at the time gas was introduced, the presence of gas would have been detected by Mr. Dahnke during his visit there between 11 and 11:20 a. m. by virtue of its odor. If gas had been escaping, it would have been ignited by the lighted plumber's pot that Mr. Dahnke saw in operation. Even assuming that an inspection was required prior to activation, failing to inspect had no proximate causal relation to the explosion because the stop-cock was in fact closed. Considering the fact that it was necessary to use a wrench to open the stop-cock, the trial judge was justified in inferring that the stop-cock was opened by an unknown person.

We conclude that the findings of fact of the trial judge are supported by substantial evidence and that they are not clearly erroneous. The judgment of the District Court is affirmed.