## CUNNINGHAM *v.* NEW YORK CENT. & H. R. R. Co.

*(Circuit Court, S. D. New York. February 10, 1892.)*

**DAMAGES—OPINION EVIDENCE—FUTURE EFFECT OF INJURIES.**
In an action to recover damages for personal injuries, the opinions of medical experts as to the permanence and probable future effect of those injuries may be received.

At Law. Action by Edward H. Cunningham against the New York Central & Hudson River Railroad Company to recover damages for personal injuries. There was a verdict for plaintiff, and defendant moves for a new trial. Motion overruled.

*Daniel Nason,* for plaintiff.
*Austen G. Fox,* for defendant.

WHEELER, District Judge. The plaintiff got a verdict for injuries to his person while a passenger on one of the defendant's freight trains. The principal questions saved at the trial, and relied upon now, relate to the testimony of expert physicians who attended upon him, and have since examined him, as to the permanency and probable future effects of the injuries, and to his right to recover damages for what these effects are likely to be. "The opinions of medical men are constantly admitted as to the cause of disease or of death, or the consequences of wounds, and as to the sane or insane state of a person's mind as collected from a number of circumstances, and as to other subjects of professional skill." 1 Greenl. Ev. § 440. The questions objected to were allowed because thought to be within this rule, and they are still thought to be so. The principal objection to answers allowed to stand is that they were not positive, but more or less conjectural. They could not, however, from the nature of the subject, be absolutely positive, but, being as to opinion, must be more or less uncertain. Their weight, according to their positiveness, with other respects, was for the jury, and was left to the jury. *Fetter v. Beal,* 1 Ld. Raym. 339, 692, 1 Salk. 11, 12 Mod. 542, was for the coming out of part of the plaintiff's skull in consequence of a battery, after recovery for the battery; and, on demurrer to a plea of the former recovery, Lord HOLT, C. J., said: "If this matter had been given in evidence as that which in probability might have been the consequence of the battery, the plaintiff would have recovered damages for it;" and the demurrer was sustained. This case is not shown nor seen to have been overruled or questioned, but seems to have been approved, and to be correct in principle. Sedg. Dam. 104; *Whitney v. Clarendon,* 18 Vt. 252; *Fulsome v. Concord,* 46 Vt. 135; *Stutz v. Railway Co.,* 73 Wis. 147, 40 N. W. Rep. 653; *Treadwell v. Whittier,* 80 Cal. 575, 22 Pac. Rep. 266. The ruling on this subject seems to be within this principle. Another point suggested now, as to expenses of treatment and of journey home, does not appear to have been saved at the trial, perhaps because not of much importance, and it could have been helped by amendment. Motion for new trial overruled.