## POLLARD v. NICHOLLS.
### No. 8614.

Circuit Court of Appeals, Fifth Circuit.

Nov. 19, 1938.

W. H. Sadler, Jr., of Birmingham, Ala., for appellant.

Sam C. Pointer, of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit by Louise Nicholls, a minor, for damages sustained by her when she was struck by a railway engine operated by appellant. Begun in a state court of Alabama, the suit was removed to the court below, where a verdict was rendered for appellee. From a judgment entered thereon, the receiver prosecutes this appeal.

The evidence discloses that, on a clear day in July about six p. m., appellee, a girl of fourteen years, and Raymond Porter, a boy of fifteen, were riding a horse along the track when the train emerged from a cut at a speed of forty or forty-five miles an hour. There was a steep embankment on each side of the track, covered with thick underbrush. Seeing the train, the children tried to force the horse to clear the track and go down the embankment. The horse held back and reared up, his head and part of his body having been pulled away from the track. The boy and horse were killed instantly, the girl, riding in front, was seriously injured.

The engineer and fireman saw the trespassers at a distance of from four hundred to six hundred feet before they were struck; and, after striking them, the train ran from six hundred to nine hundred feet before it stopped. There was evidence to sustain a finding by the jury that the train never slowed down until after the collision.

We do not feel justified in disturbing the verdict, since the jury found, upon substantial evidence, that, after discovering the peril, the engineer failed to make use of all means at hand known to skillful trainmen to prevent injury to appellee and her companion. It was a light train, consisting of an engine and four passenger coaches, and was equipped with efficient automatic air brakes. The engineer and fireman admitted knowledge of the perilous situation and testified to making due efforts to stop the train, but the failure of the engineer to

956

check its speed before the collision, and the distance the train ran after the event, together with the other facts and circumstances in evidence, were sufficient to warrant the inference by a fair jury that the engineer did not use reasonable care to avoid the injury after discovering the peril. The difference of a few seconds might have enabled the appellee to get the horse off of the track.

■ In this case, no expert witness testified to the distance in which the train might have been stopped, and this is urged by appellant as a ground for reversal. It is true that the space within which a train can be stopped under particular circumstances is a matter upon which the opinion of expert witnesses is admissible (Harris v. Nashville, etc., Railway Co., 153 Ala. 139, 44 So. 962, 14 L.R.A.,N.S., 261); but it is not the only method of proof of such issue. The testimony of eye witnesses as to the distance the train ran without checking its speed is also competent, and may be sufficient to support a verdict, when taken in connection with the other evidence in the case, including the testimony of the engineer and fireman that the peril was discovered by them as soon as the train emerged from the cut. We are bound by the Alabama law on the subject, as the injury occurred in that state. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188.

Upon the authority of Louisville & N. R. Co. v. Loyd, 186 Ala. 119, 65 So. 153, 157, we think the judgment of the district court in this case should be, and the same hereby is, affirmed.