## POLLARD v. PORTER.

### No. 8811.

Circuit Court of Appeals, Fifth Circuit.

Nov. 19, 1938.

W. H. Sadler, Jr., of Birmingham, Ala., for appellant.

Erle Pettus and Claude D. Ritter, both of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

As Administrator of the Estate of Charles R. Porter, deceased, the appellee recovered a judgment in the court below for the wrongful death of his intestate. The deceased, a boy fifteen years of age, together with a girl named Louise Nicholls, was riding a horse along a railroad track, on a fill about fifteen feet high and nine hundred feet long. Both sides of the right-of-way were covered with a dense growth of bushes.

The boy was riding behind the girl, and they were moving in the same direction as the train. At a point several hundred feet eastward from where the horse was struck, the track lay in a deep cut through a hill and on a curve to the left in the direction the train was moving. The engineer, being on the right hand side of the engine, did not see the horse and riders until about a second or two before the accident; but the fireman, being on the left, saw them, and immediately notified the engineer. Both fireman and engineer testified that, immediately, the engineer did all within his power to stop the train, but was unable to do so in time to avoid the collision.

This case is controlled by our opinion in H. D. Pollard, Receiver, v. Louise Nicholls, 5 Cir., 99 F.2d 955, this day decided. The only material difference in the two cases is that in this one the appellee undertook to prove by expert testimony that, after the engineer discovered the peril, the train could have been stopped

in time to avoid the injury to the parties on the track. The evidence on this subject is that given by a former railway fireman, who testified that it was a part of his duties to study the engine and the air-brake system, and that he had been on the train when the engineer had occasion to make an emergency stop with the air brakes. He further said that he had run an engine, that he was thoroughly familiar with the air-brake system and how· it operated, and also was familiar with the emergency stops of a train. He said that, in his opinion, the train could have been stopped in a distance of one hundred and twenty-five yards. His testimony, of course, makes this a stronger case for affirmance than that of Louise Nicholls, above mentioned.

For the reasons stated in the Nicholls Case, as well as on account of the expert testimony in this one, we think the verdict of the jury should not be disturbed. Accordingly, the judgment of the lower court is affirmed.