844

WESTMORELAND ASBESTOS CO., Inc., et al. v. JOHNS–MANVILLE CORPORATION et al.

No. 271.

Circuit Court of Appeals, Second Circuit.

June 11, 1943.

See, also, 39 F.Supp. 117.

Milton M. Leichter & Weissberger & Leichter, all of New York City, for appellants.

Theodore Kiendl and Davis, Polk, Wardwell, Gardiner & Reed, all of New York City (William H. Timbers, of New York City, of counsel), for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment, entered upon the verdict of a jury, dismissing the complaint in an action to recover damages for a conspiracy under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. The only point of any substance raised is the incorrectness of the charge. The trial occupied seven weeks, and at its conclusion the judge delivered a careful charge, which occupies eighteen pages of the record. At its conclusion he began to take up the requests to charge of both parties, when he was interrupted by the counsel for the plaintiffs as follows: "We are content with your Honor's charge, so that you need not concern yourself with any requests to charge that we have made." The judge then inquired: "Then plaintiffs withdraw their requests to charge?" To which the counsel replied: "Plaintiffs are content, Sir." The judge then took up the defendants' requests at some length, and, after he had finished he asked counsel "to note whatever they care to say about the charge." Plaintiffs' counsel thereupon asked for certain minor instructions which the judge gave and then invited counsel "to attend at the bench." The defendants' counsel thereupon answered that he would be glad to attend, but that the charge was "absolutely satisfactory to all the defendants in this case. We have no exceptions and no requests." The plaintiffs' counsel added: "We have so stated on behalf of the plaintiffs, and all of this must be a source of great satisfaction to your Honor."

The jury returned a verdict for the defendants on the 27th of February, and the plaintiffs did nothing—except to make a formal motion at the time to set aside the verdict—until March 27th, when the attorneys of record, without the concurrence of the trial counsel, moved for a "reargument" of the motion to set aside the verdict on six grounds, one of which was that it had been rendered, "through the mistake, inadvertence and/or excusable neglect of plaintiffs' counsel." This motion was supported by the affidavits of one of the attorneys and the president of the plaintiff corporations, the attorney's affidavit stating that the counsel's consent to the judge's charge, and failure to present the plaintiffs' requests to charge, were altogether unexpected, and took the attorneys by surprise. "Deponent was too thunderstruck by the incidents described to appreciate them, much less to know what to do. On the spur of the moment he could not even weigh the amount of the prejudice resulting. Certainly a display of opposition to trial counsel would hardly fail to impair the force of his argument to the jury. The Court's instructions had in the main covered certain undisputed generalities, but they omitted to cover the rules of law governing under the state of facts which plaintiffs had alleged and had fully established, and in some particulars, in view of the special circumstances, were

directly at variance with the controlling and established rules of law." Again: "Deponent never met a situation such as that before. He could not rise and expostulate in the presence of a jury, for the prejudicial effect on the minds of the jury had already been wrought and become irreparable. * * * Neither could deponent accomplish anything for the benefit of the client by presenting his individual views to the Court in the absence of the jury but before they retired." This motion the judge denied and the plaintiffs appealed.

The chief complaint about the charge is that the judge instructed the jury that "the Sherman Act was not enacted to afford a remedy for wrongs which * * * result from combinations and conspiracies which fall short, both in their purpose and effect, of any form of market control of a commodity, such as to monopolize the supply, control its price, or discriminate between its would-be purchasers." Again, because the judge quoted as follows, and with only trivial variation, from the opinion in Apex Hosiery Co. v. Leader, 310 U.S. 469, 500, 501, 60 S.Ct. 982, 996, 84 L.Ed. 1311, 128 A.L.R. 1044: "in general restraints upon competition have been condemned only when their purpose or effect was to raise or fix the market price. It is in this sense * * * that the restraints, actual or intended, prohibited by the Sherman Act are only those which are so substantial as to affect market prices. Mere restraints on competition or on the course of trade in the merchandising of articles moving in interstate commerce is not enough, unless the restraint is shown to have or is intended to have an effect upon prices in the market or otherwise to deprive purchasers or consumers of the advantages which they derived from free competition."

We need not decide whether the doctrine then announced by the Supreme Court is applicable to industrial, as well as to labor, disputes, except to observe that, not only did the court indicate no purpose to circumscribe it, but that the opinion appears expressly to repudiate any notion that labor disputes are an exception. Even though the plaintiffs are right, the point was at best highly debatable, and it may well have been the path of wisdom to accept the judge's interpretation, rather than to raise a doubtful challenge which was likely to prejudice the case in the eyes of the jury. But even if the choice was not as wise as it seems to us to have been, certainly no error was committed by the judge. Although Rule 46, Rules of Civil Procedure 28 U.S.C.A. following section 723c, makes exceptions unnecessary, it nevertheless contemplates that a party who is not satisfied shall make "known to the court the action which he desires the court to take, or his objection to the action of the court, and his grounds therefore." But not only did the plaintiffs fail to make "known" any "objection," but, as we have seen, they affirmatively consented, which even in a criminal case, will bar subsequent complaint. Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. ——. No system of jurisprudence would survive in which the contrary prevailed. Under Rule 59 the trial judge in his discretion could, it is true, have set aside the judgment for "mistake, inadvertence, surprise, or excusable neglect"—Rule 60(b)—but he did exercise his discretion; at least the plaintiffs' argument to the contrary has no basis whatever in the record. Moreover, we can conceive of no showing more utterly devoid of merit than that which the plaintiffs had the hardihood to address to him.

Judgment affirmed.