## SHELTON v. THOMSON.
### No. 8972.

Circuit Court of Appeals, Seventh Circuit.

Oct. 22, 1946.

Rehearing Denied Dec. 3, 1946.

Drennan J. Slater, of Chicago, Ill. (James B. O. O'Shaughnessy, of Chicago, Ill., of counsel), for appellant.

Royal W. Irwin, of Chicago, Ill. (Charles T. Shanner, of Chicago, Ill., of counsel), for appellee.

Before SPARKS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

This appeal is from a judgment rendered in an action under the Federal Employers' Liability Act § 1, 45 U.S.C.A. § 51, to recover damages for injuries sustained by the plaintiff because of alleged carbon monoxide poisoning. The injuries complained of allegedly resulted when plaintiff, a Store Department employee, was poisoned by gas coming from the engine of a crane which plaintiff was operating in defendant's freight yard.

This case has heretofore been here on appeal and the judgment in favor of the plaintiff reversed with directions to grant a new trial. Shelton v. Thomson, 7 Cir., 148 F.2d 1. The main reason for reversal was the failure of the trial court to properly instruct the jury that plaintiff as a prerequisite to his right to recover must prove that his alleged injuries were reasonably certain to be permanent.

This court in its former opinion makes a rather full statement as to the relevant facts of the case. The proof in the instant case is not materially different from that in the former case and reference is made thereto for a statement of the facts.

Two questions are presented on this appeal, (1) that the court erroneously denied defendant's motion to eliminate from an instruction one of the charges of negligence contained in the complaint, concerning which defendant asserts there was no proof, and (2) that there was no substantial evidence that plaintiff had sustained any permanent injuries as alleged.

The plaintiff in Par. 9 of his complaint alleged negligence as follows: (a) the defendant carelessly and negligently furnished, provided and maintained a certain gasoline motor and the parts and appurtenances thereof in a broken and defective condition in that the same permitted the escape of poisonous gases into the cab of said crane; (b) the defendant carelessly and negligently provided, furnished and maintained said gasoline motor and the divers parts and appurtenances thereof in a dangerous and defective condition in that the gaskets and joints were broken, defective, worn out and permitted the escape of poisonous gases into said cab; and (c) the defendant carelessly and negligently failed to make suitable and proper inspection of said motor and its parts and appurtenances.

In the instruction complained of, the court set forth the acts of negligence as alleged in the complaint and instructed the jury, "If you believe from a preponderance of the evidence * * * that the plaintiff has proved his case as above set forth and as alleged in the complaint, then you should find the defendant guilty."

Defendant makes no serious contention but that a jury question was presented as to the negligence charged in Pars. 9 (a) and 9 (b) of the complaint, but earnestly insists that there was no evidence which would justify the submission of the negligence charged in Par. 9 (c). Thus the defendant argues that the submission of this act of alleged negligence, without any proof in its support, constituted error, which requires a reversal.

The question, therefore, is whether there was any proof from which a jury might reasonably infer that the defendant failed to make "suitable and proper inspection." We think that there was. Plaintiff commenced to operate the crane in question in April 1942, and so far as the record discloses was the only person who operated it until September 30 of the same year, when he became incapacitated. The monoxide which is alleged to have caused plaintiff's injuries leaked from a hole in or around the manifold of the crane. The gasket involved had been replaced in 1941, the year before plaintiff sustained his alleged injuries, and there is no proof of any repair or replacement made subsequent thereto. Plaintiff testified that during the time he worked on the crane, to his knowledge no one inspected it. It is obvious that plaintiff would have had knowledge of any inspection made while he was at work on the crane. True, it is possible that an inspection could have been made at some time when plaintiff was not at work on the crane or, in other words, when it was not in operation, but it appears not an unreasonable inference that such was not the case. More than that, defendant concedes in its brief that no regular inspection of the crane was made. The negligence charged was the failure to make "suitable and proper inspection," and we think it a reasonable inference that if no regular inspection was made, no "suitable and proper inspection" was made. In other words, if an inspection was made only occasionally or irregularly, as defendant's concession would imply, it is not an unreasonable inference that defendant failed to make "suitable and proper inspection," as alleged.

Thus we are of the opinion that there was no error in submitting to the jury this charge of negligence. In this view, it becomes unnecessary to consider the propriety of the instruction which contained the alleged act of negligence under discussion.

We have read with interest the testimony relative to the nature of the injuries sustained by plaintiff and particularly with reference to their permanency. In addition to plaintiff's testimony, there was that of a number of physicians who examined and treated the plaintiff at different times, who testified as to the result of such examinations. There was also the opinion evidence of physicians given in response to hypothetical questions.

No good purpose could be served in attempting to dissect and evaluate this testimony. Certainly a forceable argument can be made that plaintiff's injuries were not permanent. Especially is this so insofar as the medical testimony is concerned. Plaintiff's testimony, however, if believed, is to the effect that his injuries were permanent. His testimony is also supported to some extent by the medical testimony. While the question as to the extent of plaintiff's injuries is a controversial one, we are of the view that it clearly presented a question for the jury and that the case was properly submitted.

The judgment appealed from is, therefore, affirmed.