■ Francis Lyons, Respondent, v. Boston and Maine Railroad, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Trial Term entered in Rensselaer County upon the verdict of a jury, and from so much of an order of said court as denied defendant's motion to set aside the verdict in the event plaintiff should stipulate to a reduction of such verdict from $70,000 to $50,000, the plaintiff having so stipulated. The action is in negligence, brought by a railroad engineer against his employer, under the Federal Employers' Liability Act. (U. S. Code, tit. 45, § 51 *et seq.*) The accident causing plaintiff's injuries occurred on a dark and foggy night in May when plaintiff, operating a self-propelled passenger car on its regular run between Troy and Boston, collided with a tractor-trailer unit which had become wedged on a highway grade crosing. There was testimony that this situation of danger had existed for as long as 10 minutes during which time defendant's crossing watchman did not consult his schedule or otherwise ascertain that plaintiff's train was due, until the train, when 6,600 feet away, activated a bell near the crossing. The watchman then, after first running in the opposite direction, ran with a kerosene lantern toward the train in an unsuccessful attempt to warn and stop it. There was evidence, also, of the watchman's violations of defendant's rules, including the requirement that he provide himself with three fusees or phosphorus flares. The proof was ample of negligent acts and omissions which the jury might find to be proximate causes of the accident. Defendant urges contributory negligence. Plaintiff ran in and out of banks of heavy fog, the last being 500 to 600 feet from the crossing, which he approached at 70 miles per hour, that speed being called for by the schedule. However, a signal one mile from the crossing indicated to him that the track was clear of railroad traffic for two miles, that is, to a point one mile beyond the crossing, and he knew that a watchman was employed to protect the crossing with respect to highway traffic. Upon this record, the question of contributory negligence was clearly for the jury. We find no ground for reversal in defendant's present objections to remarks of plaintiff's counsel in summation and while interrogating

witnesses. Some of the remarks were invited by the summation on defendant's behalf. No objection or exception was taken at the time, so as to afford opportunity for appropriate ruling and instruction. Under all the circumstances, we find no prejudice in any event. Plaintiff stipulated that the verdict be reduced to $50,000. In our view that amount is excessive. There was evidence from which the jury could find that plaintiff sustained a fracture of a cervical vertebra; a loss of neck motion, there being restriction of 70% to 75% in all directions, due to acceleration and aggravation of pre-existing arthritis; a comminuted fracture of the fibula; facial scars; cerebral concussion; and 40%-50% loss of hearing. At the time of the accident plaintiff was 68 years old and his life expectancy was 9.48 years. He was hospitalized for one month. He returned to work about five months after the accident and worked until his mandatory retirement because of age. His medical expenses were paid by defendant. He proved $2,500 loss of wages. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event, unless within 20 days after the entry of the order hereon respondent stipulate to reduce the verdict to $40,000, in which event the judgment, as so reduced, and the order, are affirmed, without costs. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ. concur.