Peter LA FRANCE, Plaintiff,

v.

**NEW YORK, NEW HAVEN AND HART-
FORD RAILROAD COMPANY,**
Defendant.

Civ. No. 8386.

United States District Court
D. Connecticut.

Jan. 30, 1961.

William A. Blank, Brooklyn, N. Y., Robert C. Zampano, of Zampano & Mager, East Haven, Conn., for plaintiff.

Thomas J. O'Sullivan, New Haven, Conn., for defendant.

TIMBERS, District Judge.

Defendant moves, pursuant to Rule 59 (a), Fed.R.Civ.P., 28 U.S.C.A., for a new trial.

The action was brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, to recover damages for personal injuries sustained by plaintiff while employed as a brakeman by defendant on July 6, 1959 in defendant's East Classification Yard at North Haven, Connecticut. At the time of the accident plaintiff was engaged in attempting to throw a switch which, after having been partly thrown by plaintiff, suddenly sprang back to its original position, resulting in the injuries of which he complained.

After a five day trial, the jury returned a verdict in favor of plaintiff in amount of $90,000.

Defendant's motion for a new trial sets forth fourteen numbered claims which fall generally into four categories: (1) that the verdict is contrary to law and contrary to the evidence; (2) that the Court erred in the admission and exclusion of evidence; (3) that the Court erred in denying defendant's application to permit the jury to observe a demonstration of the operation of the switch at the scene of the accident; and (4) that the verdict is excessive.

The Court, in the exercise of its discretion, denies defendant's motion for a new trial.

The Court will state briefly its reasons for denying defendant's motion, taking up each of the four categories of claims alleged by defendant as a basis for its motion.

**(1)** *Defendant's Claims That Verdict Is Contrary To Law And Contrary To The Evidence.*

■■ To the extent that defendant's claims (Nos. 1 and 2) that the verdict is contrary to law and contrary to the evidence are based on the alleged insufficiency of the evidence to support the verdict, it should be noted that defendant did not move "for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief" at the close of plaintiff's case pursuant to Rule 41(b), Fed.R.Civ.P.; nor did defendant move for a directed verdict at the close of plaintiff's case nor at the close of all the evidence pursuant to Rule 50, Fed.R.Civ.P.[1]

Defendant therefore has waived its right to question the sufficiency of the evidence to support the verdict.[2]

■ Moreover, defendant did not file any requests to charge and did not object to the Court's charge. Accordingly, under Rule 51, Fed.R.Civ.P., defendant has waived its right to claim any errors in the charge as a basis for its assertion that the verdict is contrary to law.[3]

■ Despite the doubtful basis, if any, for defendant's claims that the verdict is contrary to law and contrary to the evidence, the Court, in the light of the present motion, nevertheless has re-

1. Defendant's present motion "to set aside the verdict returned in the above-entitled action on December 2, 1960 and the judgment entered thereon on December 2, 1960 and to grant a new trial" appears to follow the language of Rule 50(b). Since defendant did not move at the trial for a directed verdict, the Court treats defendant's present motion as one for a new trial under Rule 59(a).

2. Parenzan v. Iino Kaiun Kabushiki Kaisya, 2 Cir., 1958, 251 F.2d 928, 930, certiorari denied International Terminal Operating Company, Inc. v. Iino Kauin Kaisha, Ltd., 1958, 356 U.S. 939, 78 S. Ct. 781, 2 L.Ed.2d 814; Rotondo v. Isthmian Steamship Company, 2 Cir., 1957, 243 F.2d 581, 582, certiorari denied 1957, 355 U.S. 834, 78 S.Ct. 53, 2 L.Ed.2d 45; Mahoney v. New York Central Railroad, 2 Cir., 1956, 234 F. 2d 923, 924; Srybnik v. Epstein, 2 Cir., 1956, 230 F.2d 683, 686; Harriman v. Midland Steamship Line, Inc., 2 Cir., 1953, 208 F.2d 564, and cases cited at page 564, note 1; Flint v. Youngstown Sheet & Tube Co., 2 Cir., 1944, 143 F. 2d 923, 924; Woodbridge v. Du Pont, 2 Cir., 1943, 133 F.2d 904; Zimmerman v. Emmons, 9 Cir., 1955, 225 F.2d 97, 99, and cases cited at page 99, note 10, certiorari denied 1956, 350 U.S. 932, 76 S.Ct. 302, 100 L.Ed. 814; Moore v. Louisville & Nashville Railroad Company, 5 Cir., 1955, 223 F.2d 214, 216; Boudreaux v. Mississippi Shipping Company, 5 Cir., 1955, 222 F.2d 954, and cases cited at page 955, notes 1 & 2; 5 Moore's Federal Practice, ¶ 50.05, pp. 2322–2323 (2d ed. 1951); Id., ¶ 50.08, pp. 2328–2329; Id., ¶ 50.11, pp. 2333–2339; Id., ¶ 50.12, pp. 2339–2343.

3. Maupin v. Erie Railroad Company, 2 Cir., 1957, 245 F.2d 461, 462; Troupe v. Chicago, Duluth & Georgian Bay Transit Company, 2 Cir., 1956, 234 F.2d 253, 259, and cases cited at page 259, note 8; Moore v. Waring, 2 Cir., 1952, 200 F.2d 491, 492; Falkerson v. New York, New Haven & Hartford Railroad Company, 2 Cir., 1951, 188 F.2d 892, 896; Westmoreland Asbestos Company, Inc. v. Johns-Manville Corporation, 2 Cir., 1943, 136 F.2d 844; Boudreaux v. Mississippi Shipping Company, 5 Cir., 1955, 222 F. 2d 954; cf. Coca Cola Bottling Co. of Black Hills v. Hubbard, 8 Cir., 1953, 203 F.2d 859, 862; 5 Moore's Federal Practice, ¶ 51.03, pp. 2502–2503 (2d ed. 1951); Id. ¶ 51.04, pp. 2503–2506.

viewed the evidence and has reexamined the law under which the case was submitted to the jury. The Court holds that there is sufficient evidence to support the verdict and that the verdict is not contrary to law. If defendant had made timely motions for a dismissal under Rule 41(b) and for a directed verdict under Rule 50, the Court would have denied such motions.

(2) *Defendant's Claims That Court Erred In The Admission And Exclusion Of Evidence.*

Defendant claims that the Court erred in admitting evidence offered by plaintiff with respect to the customary manner of throwing a switch such as that involved in the instant case (No. 5); evidence with respect to the defective operation of that switch prior to the accident (No. 14); and opinion evidence with respect to the reasons for the defective operation of that switch, and as to the meaning of certain language in a memorandum from defendant's superintendent to plaintiff's fellow employees concerning the accident here involved (Nos. 6 and 13).

Defendant also claims that the Court erred in excluding evidence offered by it with respect to tests of the switch subsequent to the accident (Nos. 7, 8 and 9).

The Court, in the light of the present motion, has reviewed each of its rulings with respect to the admission and exclusion of evidence claimed by defendant to have been erroneous. While the Court is under no illusions of infallibility as to such rulings, nothing has been brought to the Court's attention by defendant in support of its present motion to cause the Court to change its rulings, much less to convince the Court that, had it ruled otherwise with respect to the admission and exclusion of the evidence in question, the jury's verdict would have been different.

■ Evidence of the usual or customary manner of throwing a switch was admissible on the ground that the act of throwing a switch is beyond the scope of the common knowledge and experience of jurors.[4]

■ Evidence of the defective operation of the switch approximately two months prior to the accident—a defective operation which was reported immediately to the yardmaster—was admissible to show knowledge on the part of defendant and therefore notice to defendant of the defect.[5]

■ Opinion evidence as to the reasons for the defective operation of the switch and as to the meaning of language in a memorandum from defendant's superintendent to plaintiff's fellow employees concerning the accident was admissible through testimony of a witness who possessed peculiar knowledge on these matters not common to mankind in general, the witness Beebe (an employee of defendant called by plaintiff) having had 4 years' experience as a brakeman and 3½ years as a yard conductor in the freight yard where the accident occurred, and his opinion testimony being based on personal observation of the operation of the switch in question.[6]

4. Eamiello v. Piscitelli, 1947, 133 Conn. 360, 366–369, 51 A.2d 912, 915–916; Stewart v. Wabash Railway Company, 1921, 105 Neb. 812, 815–817, 182 N.W. 496, 497–498, certiorari denied 1921, 257 U.S. 641, 42 S.Ct. 52, 66 L.Ed. 412; Davis v. Michigan Central Railroad Company, 1920, 294 Ill. 355, 357–359, 128 N.E. 539, 540; cf. Ross v. Duluth, Missabe & Iron Range Railway Company, 1938, 203 Minn. 312, 321–322, 281 N.W. 76, 81, certiorari denied 1940, 311 U.S. 656, 61 S.Ct. 9, 85 L.Ed. 420.

5. Cereste v. New York, New Haven & Hartford Railroad Company, 2 Cir., 1956, 231 F.2d 50, 52–53, 56–57, 58, certiorari denied 1956, 351 U.S. 951, 76 S. Ct. 848, 100 L.Ed. 1475; Truitt v. Southern Pacific Company, 1952, 112 Cal.App. 2d 218, 225–226, 245 P.2d 1083, 1088; Sacks v. Connecticut Company, 1929, 109 Conn. 221, 238–239, 146 A. 494, 501.

6. Chateaugay Ore & Iron Company v. Blake, 1892, 144 U.S. 476, 484, 12 S.Ct. 731, 36 L.Ed. 510; Thomas v. Conemaugh & Black Lick Railroad Company, 3 Cir., 1956, 234 F.2d 429, 434; Atlantic Coast Line Railroad Company v. Sweat, 5 Cir., 1950, 183 F.2d 27, 28–29; Haines v. Reading Company, 3 Cir., 1950, 178

■ Evidence offered by defendant with respect to the operation of the switch at various times after the accident was excluded on the ground that defendant had failed to lay a proper foundation by showing that conditions were similar to or approximated those at the time of the accident.[7]

(3) *Defendant's Claim That Court Erred In Denying Defendant's Application To Permit Jury To Observe Demonstration Of Operation Of Switch At Scene Of Accident.*

■ Defendant claims (No. 10) that "The Court erred in refusing to permit defendant to take the jury to view the scene." At the trial, defendant clearly stated to the Court that it did not wish to have the jury taken to the freight yard merely to view the scene of the accident.

Defendant, however, did request that the jury be taken to the scene of the accident to observe a demonstration of the operation of the switch. The Court, in the exercise of its discretion, denied this application on the grounds (i) that the demonstrative evidence defendant thus sought to adduce would not add sufficiently to the jury's overall

knowledge of the facts to warrant such a time-consuming disruption of the trial; (ii) that the testimony and exhibits, including photographs, had conveyed to the jury, at least as effectively as such a demonstration, a reasonably accurate description of the operation of the switch; and (iii) that defendant had failed to establish that conditions at the time of the trial—17 months after the accident— were substantially the same as at the time of the accident (for example, the temperature on July 6, 1959, the date of the accident, as a matter of judicial notice, was substantially higher than on December 2, 1960, the date of defendant's application to view the operation of the switch, when it was below freezing.[8]

(4) *Defendant's Claim That Verdict Is Excessive.*

Defendant claims (No. 3) that "The verdict is excessive and appears to have been given under the influence of passion and prejudice."

■ This Court on the instant motion for a new trial has the power to consider defendant's claim that the verdict is excessive and, if appropriate, to order a remittitur.[9] Such power, how-

F.2d 918; Chicago, St. P., M. & O. Ry. Co. v. Muldowney, 8 Cir., 1942, 130 F. 2d 971, 976–977, certiorari denied 1943, 317 U.S. 700, 63 S.Ct. 526, 87 L.Ed. 560; Pollard v. Porter, 5 Cir., 1938, 99 F.2d 956; Newkirk v. Los Angeles Junction Railway Co., 1942, 21 Cal.2d 308, 321, 131 P.2d 535, 543; Sickmund v. Connecticut Company, 1937, 122 Conn. 375, 379–380, 381, 189 A. 876, 879–880; Temple v. Gilbert, 1912, 86 Conn. 335, 344–345, 85 A. 380, 383–384; Taylor v. Town of Monroe, 1875, 43 Conn. 36, 43, 45.

7. Saldania v. Atchison, Topeka and Santa Fe Railway Company, 7 Cir., 1957, 241 F.2d 321, 322; Sanders v. Glenshaw Glass Company, Inc., 3 Cir., 1953, 204 F.2d 436, 439–440, certiorari denied 1953, 346 U.S. 916, 74 S.Ct. 278, 98 L.Ed. 411; Petrillo v. Kolbay, 1933, 116 Conn. 389, 395, 165 A. 346, 348.

8. Fitzpatrick v. Sooner Oil Company, 10 Cir., 1954, 212 F.2d 548, 551–552; Lowry v. Seaboard Airline Railroad Company, 5 Cir., 1948, 171 F.2d 625, 627; Hous-

ton Coca-Cola Bottling Company v. Kelley, 5 Cir., 1942, 131 F.2d 627, and authorities cited at page 628, note 1; Carlson v. Associated Realty Corporation, 1932, 114 Conn. 699, 706, 159 A. 885, 887; cf. Dickson v. Yale University, 1954, 141 Conn. 250, 255–256, 105 A.2d 463, 465; 4 Wigmore, Evidence, §§ 1162–1168 (3d ed. 1940); McCormick, Evidence, § 183 (1954).

9. Neese v. Southern Railway Company, 1955, 350 U.S. 77, 76 S.Ct. 131, 100 L. Ed. 60; Affolder v. New York, Chicago and St. Louis Railroad Company, 1950, 339 U.S. 96, 70 S.Ct. 509, 94 L.Ed. 683; Dimick v. Schiedt, 1935, 293 U.S. 474, 482–488, 55 S.Ct. 296, 79 L.Ed. 603; Union Pacific Railroad Company v. Hadley, 1918, 246 U.S. 330, 334, 38 S.Ct. 318, 62 L.Ed. 751; Barry v. Edmunds, 1886, 116 U.S. 550, 565, 6 S.Ct. 501, 29 L.Ed. 729; Butler v. General Motors Corporation, 2 Cir., 1957, 240 F.2d 92, 93, and cases cited at page 93, note 2; Comiskey v. Pennsylvania Railroad Company, 2 Cir., 1956, 228 F.2d 687, 688; Texas

ever, should not be exercised in the absence of a clear showing that the verdict is excessive.[10]

Defendant, in support of its claim that the verdict is excessive, has directed the attention of the Court to a number of F.E.L.A. cases involving disc and back injuries in which verdicts less than that returned by the jury in the instant case have been held to be excessive.[11] Plaintiff on the other hand has cited a number of cases in which plaintiffs have recovered, by way of settlement[12] or judgment,[13] amounts comparable to that awarded by the jury in the instant case.

In the last analysis, however, the question of whether a verdict is excessive must be determined on the basis of the evidence in the particular case.

In the instant case it was stipulated that plaintiff's earnings as a brakeman during the period of 2½ years prior

Pacific-Missouri Pacific Terminal Railroad of New Orleans v. Welsh, 5 Cir., 1950, 179 F.2d 880, 882, and cases cited at page 882.

10. Neese v. Southern Railway Company, supra, reversing Southern Railway Company v. Neese, 4 Cir., 1954, 216 F.2d 772; Fiskratti v. Pennsylvania Railroad Company, D.C.S.D.N.Y.1957, 147 F.Supp. 765.

11. Breland v. Gulf, Mobile and Ohio Railroad Company, Mo.Sup.1959, 325 S.W.2d 9 (fractured back vertebra; 48 year old locomotive fireman; $75,000 verdict reduced to $50,000); Van Norman v. Illinois Central Railroad Company, Mo. Sup.1959, 320 S.W.2d 512 (removal of 3 ruptured vertebral discs; 28 year old painter; $62,400 verdict reduced to $47,-400); Missouri Pacific Railroad Company v. Rhoden, Tex.Civ.App.1958, 310 S.W.2d 607 (ruptured disc and leg injuries; 53 year old machinist; $75,000 verdict reduced to $60,000); Lyons v. Boston and Maine Railroad, 1958, 7 A.D. 2d 825, 180 N.Y.S.2d 985 (fractured cervical vertebra and other injuries; 68 year old locomotive engineer; $70,000 verdict reduced to $40,000); Parks v. Thompson, 1956, 365 Mo. 700, 285 S.W. 2d 687 (ruptured intervertebral disc; 52 year old locomotive fireman; $30,000 verdict reduced to $15,000); Hayes v. Wabash Railroad Company, 1950, 360 Mo. 1223, 233 S.W.2d 12 (herniated disc; 38 year old brakeman; $45,000 verdict reduced to $37,500); see also a non-F.E. L.A. case involving a collision between an automobile and a tractor-trailer, Kaup v. Crawford Trucking Co., 1954, 283 App.Div. 838, 128 N.Y.S.2d 699 (removal of herniated intervertebral disc; $75,000 verdict reduced to $50,000).

12. Lassen v. Red Star Towing & Transportation Company, (S.D.N.Y.1960), reported in 25 N.A.C.C.A.L.J. 401 (herniated nucleous pulposus: 51 year old cook; settled at trial for $120,000); Murray v. Gulf, Mobile & Ohio Railroad,

(Miss., Cir. Ct. Scott County, 1958), reported in 23 N.A.C.C.A.L.J. 277 (ruptured cervical disc; 42 year old brakeman; F.E.L.A. case settled before trial for $90,000); Westberry v. Sears, Roebuck & Co., (Fla., Cir. Ct. Dade County, 1956), reported in 2 Belli, Modern Damages 119 (1960) (herniated disc; 57 year old housewife; settled after trial for $60,000).

13. Borelli v. Northeastern Fabricators, Inc. (N.Y., Sup. Ct. N. Y. County, 1959), reported in 24 N.A.C.C.A.L.J. 267 (herniated lumbar disc and herniated cervical disc; 31 year old mason tender; $90,-000 verdict); Coleman v. Gulf, Mobile and Ohio Railroad Company, 1958, 17 Ill.App.2d 220, 149 N.E.2d 656 (ruptured intervertebral disc; 43 year old conductor; $90,000 verdict in F.E.L.A. case, affirmed on appeal); Texas & New Orleans Railroad Company v. Jacks, Tex. Civ.App.1957, 306 S.W.2d 790, 797–798 (ruptured disc and other spinal injuries; 45 year old brakeman; $81,000 verdict in F.E.L.A. case, affirmed on appeal); Shealey and Bennett v. Atlantic Coast Line Railroad, (D.S.C.1957), reported in 20 N.A.C.C.A.L.J 404 (back injuries to two plaintiffs; postal transportation clerks; aggregate verdict of $100,000); Louisiana & Arkansas Railway Company v. Robinson, Tex.Civ.App.1957, 302 S.W. 2d 665, 667–668 (ruptured lumbar intervertebral disc and aggravation of spondylolisthesis; 31 year old railroad employee; $100,000 verdict in F.E.L.A. case, affirmed on appeal); Smith v. Great Northern Railway Company, (Minn., 13th Jud. Dist. Ct. Rock County, 1956), reported in 20 N.A.C.C.A.L.J. 406 (lumbar back sprain; 44 year old switchman; $68,500 verdict in F.E.L.A. case); Matthews v. Chicago & Northwestern Railroad Company, (Ill., Super. Ct. Cook County, 1956), reported in 2 Belli, Modern Damages 121 (1960) (ruptured vertebral disc; 45 year old switchman; $75,000 verdict in F.E.L.A. case).

to the accident were at the rate of approximately $4,300 per year; that his loss of earnings between the date of the accident and the time of trial amounted to $6,450; and that, at age 40, his life expectancy is 31.17 years.

On the basis of plaintiff's loss of earnings, both past and future, and discounting at a rate of not less than 4% [14] the present value of that portion of the jury's verdict which represents loss of future earnings, the verdict, to the extent that it embraces loss of earnings, cannot be considered excessive.

▇▇▇ The element of loss of earnings, however, was but one portion of plaintiff's proof of damages. The uncontroverted medical testimony established that plaintiff sustained spinal injuries, consisting of an involvement of one of the vertebral bodies and a herniation of its intervertebral disc which required an operation for its removal; and that he had sustained permanent injuries, including an unstable lower back and impairment of the function of his lower body and extremities. The weight to be given such testimony, including that of an orthopedist and a neurosurgeon of the highest professional standing in the New Haven area, is clearly for the jury.[15] The high degree of weight given such medical testimony by defendant itself is indicated by defendant's failure to offer any medical testimony whatsoever, despite the fact that plaintiff was examined or treated by at least four doctors retained by defendant.

The extent of plaintiff's pain and suffering—past, present and future—was established by competent medical testimony, likewise uncontroverted by defendant. Of course there is no yardstick for measuring pain and suffering.[16]

Plaintiff has incurred $1,410 in medical and hospital expenses. There was evidence from which the jury could have found that plaintiff with reasonable certainty would incur medical and hospital expenses in the future, although the amount was not specified.

▇▇▇ Defendant not having pleaded or proven contributory negligence on the part of plaintiff, there was no basis upon which the jury could have diminished damages proven by plaintiff by reason of his own negligence if there had been any.

Finally, despite defendant's claim that the verdict "appears to have been given under the influence of passion and prejudice", defendant has not directed the Court's attention on this motion to anything in the record to support its claim in that respect. The Court nevertheless has reviewed the record and finds not one scintilla of support for defendant's claim of passion and prejudice.

On the contrary, it is the opinion of the Court that the substantial amount of the verdict may well be attributed to the restraint and understatement which characterized the entire presentation of plaintiff's case, including the testimony of plaintiff's witnesses and the argument of plaintiff's counsel.

The Court observed the demeanor of the witnesses, as well as the demeanor of counsel. The Court also observed the performance of members of this jury, not only in the instant case, but in other cases tried in this Court during the last three months of 1960, both before and after the trial of the instant case. This

14. Alexander v. Nash-Kelvinator Corporation, 2 Cir., 1959, 271 F.2d 524, 527.

15. Hill v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 1949, 174 F.2d 171; Shelton v. Thomson, 7 Cir., 1946, 157 F.2d 709, 710; Standard Oil Co. of New Jersey v. Sewell, 4 Cir., 1930, 37 F.2d 230; Chicago, Burlington & Quincy Railroad Company v. Conway, 8 Cir., 1928, 29 F.2d 551; Southwest Metals Co. v. Gomez, 9 Cir., 1925, 4 F.2d 215, 39 A.L.R. 1416; Reed v. Pennsylvania Railroad Company, C.C.E.D.N.Y.1893, 56 F. 184, affirmed 2 Cir., 1894, 60 F. 694; Cunningham v. New York Central & H. R. R. Co., C.C. S.D.N.Y.1892, 49 F. 439.

16. Fiskratti v. Pennsylvania Railroad Company, D.C.S.D.N.Y.1957, 147 F.Supp. 765, 767.

jury was intelligent, mature and, in the opinion of the Court, not one to be influenced by any extrinsic factors.

The Court holds that the jury was not influenced by passion or prejudice in the slightest degree; and that the verdict, adequately supported by the evidence, although substantial, was not excessive.[17]

Defendant's motion for a new trial is denied.

17. Paci v. New York Central Railroad Co., 2 Cir., 1957, 250 F.2d 296; Woodington v. Pennsylvania Railroad Company, 2 Cir., 1956, 236 F.2d 760, 764, certiorari denied Groves & Sons Co., Inc. v. Pennsylvania Railroad Co., 1957, 352 U.S. 970, 77 S.Ct. 362, 1 L.Ed.2d 324; Kieffer v. Blue Seal Chemical Company, D.C.D.N.J.1952, 107 F.Supp. 288, affirmed 3 Cir., 1952, 196 F.2d 614.