**Reno ALBERT and Lorraine Albert**

**v.**

**Daniel DePINTO, Alan Murphy, Daniel Begley, William Chute, Michael Cox, Richard McCarthy, Zygmunt Spiewak and the City of New Britain.**

**Civ. No. H–82–511(JAC).**

United States District Court,
D. Connecticut.

July 22, 1986.

Marshall J. Mott, Josephine Elizabeth Mott, Hartford, Conn., for plaintiffs.

Mark A. DuBois, Hartford, Conn., Marcia Gleeson, New Britain, Conn., for defend-

ants DePinto, Murphy, Begley, McCarthy, Spiewak and City of New Britain.

Paul J. McQuillan, New Britain, Conn., for defendant Chute.

Harold J. Geragosian, New Britain, Conn., for defendant Cox.

## RULING ON MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR FOR REMITTITUR OR FOR A NEW TRIAL

JOSÉ A. CABRANES, District Judge:

This action alleging excessive force by officers of the New Britain Police Department is before the court on motions for judgment notwithstanding the verdict, for remittitur or for a new trial. These motions were filed on behalf of the municipal defendant and the five individual defendants who were found liable to the plaintiffs following a four-day jury trial that concluded December 11, 1985.[1]

### I. The Standard of Review

Our Court of Appeals has held that, in deciding whether to grant a motion for judgment notwithstanding the verdict pursuant to Rule 50(b), Fed.R.Civ.P.,

> the trial court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury. Rather, after viewing the evidence in a light most favorable to the non-moving party (giving the non-movant the benefit of all reasonable inferences), the trial court should grant a judgment n.o.v. only when (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him.

*Mattivi v. South African Marine Corporation, "Huguenot,"* 618 F.2d 163, 167–168

---

1. The defendants Daniel Begley and Zygmunt Spiewak were found not liable to either of the plaintiffs.

(2d Cir.1980). *See also Simblest v. Maynard,* 427 F.2d 1, 4 (2d Cir.1970) (holding that judgment notwithstanding the verdict is appropriate only where "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable men could have reached").

In addition, a trial court may, in its discretion, set aside a jury verdict and grant a new trial if, in light of the evidence, "it would be a miscarriage of justice to permit [the verdict] to stand." *Dagnello v. Long Island Railroad Company,* 289 F.2d 797, 806 (2d Cir.1961).

Accordingly, the court, mindful of the narrow standards of review of a jury verdict, turns to the pending motions in the instant case.

## II. *The City of New Britian*

A plaintiff who seeks to hold a municipality liable in damages under 42 U.S.C. § 1983 must establish "that an official policy or custom ... [was] the cause of the deprivation of constitutional rights." *Vippolis v. Village of Haverstraw,* 768 F.2d 40, 44 (2d Cir.1985), *citing Oklahoma City v. Tuttle,* —— U.S. ——, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985). Our Court of Appeals, in construing the plurality and concurring opinions in *Oklahoma City v. Tuttle,* has held that this element of causation has two components:

> The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer. Second, the plaintiff must establish a causal connection—an "affirmative link"—between the policy and the deprivation of his constitutional rights.

*Vippolis v. Village of Haverstraw, supra,* 768 F.2d at 44.

The evidence introduced at trial with respect to the issue of municipal liability established that the defendants were provided with a book titled "Rules and Regulations of the New Britain Police Department." *See* Certified Official Transcript of Trial (filed Jan. 17, 1986) ("Tr.") at 246. The book states, in pertinent part, that "[t]he use of physical and deadly force shall be in accordance with current departmental directives and State Statutes." *See id.* at 266. The plaintiffs elicited testimony from several of the defendants that they were unaware of any recent "directives" on the subject of physical force that might have been issued by the Police Department. *See id.* at 272, 290, 391. In addition, the plaintiffs established that, while the defendants received training in the appropriate use of physical force at the time that they joined the Police Department, *see id.* at 272, 291, they apparently received no "refresher courses" in the subject during their tenure as police officers. *See id.* at 273.

The court concludes that the foregoing evidence, even when viewed most favorably to the plaintiffs, *see Mattivi v. South African Marine Corporation, "Huguenot,"supra,* 618 F.2d at 167–68, cannot establish any "affirmative link" between the acts or omissions of the Police Department (*e.g.,* the failure to provide officers with "refresher courses" and "current departmental directives") and the use of unconstitutionally excessive force against the plaintiffs. Indeed, this evidence demonstrates that the Police Department put the defendants on notice of the existence of statutes such as C.G.S. § 53a–22, which provides that police officers may use only "reasonable physical force" to make arrests, to prevent suspects from escaping from custody, or to defend themselves or others from the use or imminent use of physical force. The testimony at trial indicated that the defendants were aware of the existence of such restrictions on their use of force. *See* Tr. at 263, 298, 402.

Accordingly, for the reasons stated above, the court hereby grants the motion of the defendant City of New Britain for judgment notwithstanding the verdict.

## III. *The Individual Defendants*

The court concludes, based on the full record of this case, that there was

evidence from which a reasonable jury could have found that the defendants DePinto, Cox, Chute, Murphy and McCarthy either used unconstitutionally excessive force against one of the plaintiffs or knew that other defendants were using such force but did nothing to stop them despite having an affirmative duty to do so. *See Byrd v. Brishke,* 466 F.2d 6, 11 (7th Cir. 1972) (holding that "one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge").[2]

▇ Furthermore, the court cannot conclude that the damages awarded against the individual defendants were so clearly excessive as to require a new trial or remittitur. *See Dagnello v. Long Island Railroad Company, supra,* 289 F.2d at 806; *see also Doralee Estates v. Cities Service Oil Company,* 569 F.2d 716, 722 (2d Cir. 1977) (holding that jury's award of punitive damages will be overturned only if "shockingly" or "grossly" excessive); *Doralee Estates v. Cities Service Oil Company,* 569 F.2d 716, 722 (2d Cir.1977) (holding that jury's award of punitive damages will be overturned only if "shockingly" or "grossly" excessive); *LaFrance v. New York, New Haven & Hartford Railroad Company,* 191 F.Supp. 164, 168–69 (D.Conn.) (Timbers, J.), *aff'd,* 292 F.2d 649 (2d Cir. 1961) (court should not order a new trial or remittitur "in the absence of a clear showing that the verdict is excessive"). It is clear that a reasonable jury could have found sufficient evidence of pain and suffering experienced by the plaintiffs, and

reckless and callous disregard of constitutional rights by the defendants, *see Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983), to justify the substantial compensatory and punitive damages awarded in this action.[3]

Accordingly, the court having found neither that there was "but one conclusion as to the verdict that reasonable men could have reached," *Simblest v. Maynard, supra,* 427 F.2d at 4, nor that "it would be a miscarriage of justice to permit [the verdict] to stand," *Dagnello v. Long Island Railroad Company, supra,* 289 F.2d at 806, the individual defendants' motions for judgment notwithstanding the verdict, for remittitur or for a new trial are denied.

### Conclusion

For the reasons stated above, judgment shall enter in favor of the City of New Britain notwithstanding the jury verdict, and judgment shall enter against the defendants DePinto, Cox, Chute, Murphy and McCarthy in the amounts specified by the jury.

It is so ordered.

---

2. The court notes for the record that none of the defendants raised any objection to the jury instructions concerning "use of physical force in making an arrest," "unreasonable force" or "police officer's affirmative duty to enforce the law." *See* Tr. at 513–514.

3. The defendants Cox and Chute have requested an opportunity to introduce evidence concerning their financial net worth that they claim would support a reduction in the punitive dam-

ages awarded against them. However, Cox and Chute have cited no authority that would require the court to reopen the evidentiary record for such purposes at this late stage of the proceedings. The court is unwilling in the absence of such authority to permit the defendants to introduce evidence that they chose not to introduce at trial. Indeed, the court notes that Cox elected not to take the stand at all in his defense during the trial.